UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JASON MARCHETTI, Individually and      :
as Executor of the ESTATE OF           :
WALTER MARCHETTI                       :
                                       :
        v.                             :        C.A. No.:  1:23-cv-389
                                       :
RHODE ISLAND HOSPITAL.;                :
ADENA OSBAND, M.D.;                    :
JAEWOOK SHIN, M.D.;                    :
JOAQUIN CAMARA, M.D.;                  :
BELINDA SHAO, M.D.;                    :
JOHN and/or JANE DOE, M.D. Alias;      :
JOHN and/or JANE DOE, R.N., Alias; and :
JOHN DOE CORPORATION, Alias            :

## **COMPLAINT**

### **Parties**

1. Plaintiff Jason Marchetti is a citizen and resident of the Town of Seekonk, Massachusetts.

2. Jason Marchetti is the sole heir of Walter Marchetti, who died on March 15, 2022.  He has been appointed as Executor of the Estate of Walter Marchetti in the Probate Court of the Town of Smithfield, State of Rhode Island on September 14, 2023.

3. Defendant Rhode Island Hospital is a non-business corporation existing under the laws of the State of Rhode Island with a principal place of business herein. At all relevant times, defendants Adena Osband, M.D., Jaewook Shin, M.D., Joaquin Camara, M.D., Belinda Shao, M.D., John and/or Jane Doe, M.D., Alias and John and/or Jane Doe, R.N. were employees, agents, and/or servants of defendant Rhode Island Hospital.

4. Defendant Adena Osband, M.D. (hereinafter "Osband") upon information and belief, is a citizen and resident of Rhode Island. At all times relevant, Adena Osband, M.D. was engaged in the practice of medicine in the State of Rhode Island and held herself out to be a specialist in the field of Transplant Surgery.

5. Defendant Jaewook Shin, M.D. (hereinafter "Shin") upon information and belief, is a citizen and resident of Rhode Island. At all times relevant, Jaewook Shin, M.D. was engaged in the practice of medicine in the State of Rhode Island and held himself out to be a specialist in the field of General Surgery.

6. Defendant Joaquin Camara, M.D. (hereinafter "Camara") upon information and belief, is a citizen and resident of Rhode Island. At all times relevant, Joaquin Camara, M.D. was engaged in the practice of medicine in the State of Rhode Island and held himself out to be a specialist in the field of Neurosurgery.

7. Defendant Belinda Shao, M.D. (hereinafter "Shao") upon information and belief, is a citizen and resident of Rhode Island. At all times relevant, Belinda Shao, M.D. was engaged in the practice of medicine in the State of Rhode Island and held herself out to be a specialist in the field of Neurosurgery.

8. Defendants John and/or Jane Doe, M.D., Alias, are citizens and residents of the State of Rhode Island. The true names of defendants are unknown to plaintiffs who consequently sue such defendants by said fictitious names. Plaintiffs will seek leave to amend their Complaint to state the true names of defendants John and/or Jane Doe, M.D., Alias, when such have been ascertained.

9. Defendants John and/or Jane Doe, R.N., Alias, are citizens and residents of the State of Rhode Island. The true names of defendants are unknown to plaintiffs who consequently sue such defendants by said fictitious names. Plaintiffs will seek leave to amend their Complaint to state the true names of defendants John and Jane Doe, R.N., Alias, when such have been ascertained.

10. Defendant John Doe Corporation, Alias upon information and belief is a non-business corporation existing under the laws of the State of Rhode Island with a principal place of business herein. The true name of the defendant corporation is unknown to plaintiffs who consequently sue

such defendant by said fictitious name. Plaintiffs will seek leave to amend their Complaint to state the true name of defendant John Doe Corporation when such has been ascertained.

## Jurisdiction

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that there is diversity of citizenship among the parties, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

12. Venue in the United States District Court is proper under 28 U.S.C. § 1391(b)(2), as the events, omissions, and actions giving rise to the plaintiffs' claims occurred within the territory of the District of Rhode Island.

## Facts

13. Plaintiff Walter Marchetti was a 72-year-old man who suffered from chronic polycystic kidney disease Stage V with renal failure.

14. Plaintiff Walter Marchetti was referred to Rhode Island Hospital by his nephologist, Christopher Cosgrove, M.D., for a right kidney transplant to take place on March 9, 2022.

15. The right kidney transplant took place at Rhode Island Hospital on March 9, 2022, and was performed by defendant Adena Osband, M.D.

16. Defendant Adena Osband, M.D. continued to follow the decedent's course of treatment while he was in-patient at Rhode Island Hospital between March 9, 2022 and March 15, 2022.

17. The decedent was cared for and treated by healthcare professionals at Rhode Island Hospital from March 9, 2022 until his untimely death on March 15, 2022.

18. Defendants Adena Osband, M.D. Joaquin Camara, M.D., Jaewook Shin, M.D., and Belinda Shao, M.D., were individually and collectively responsible for overseeing and participants in the care and treatment of Walter Marchetti on March 9, 2022 until the time of his death on March 15, 2022 while he was a patient at Rhode Island Hospital.

19. On the morning of March 13, 2022, while he was recovering from the transplant surgery, the decedent's hemoglobin and hematocrit became critically low.

20. On the morning of March 13, 2022, at approximately 10:10 a.m., the decedent went to the bathroom, and having been left unattended in the bathroom, he fell and struck his head.

21. After the decedent fell and struck his head and as a result of the decedent experiencing neurological signs and symptoms, Jaewook Shin, M.D., entered an order for a STAT CT brain without contrast at 10:28 a.m. on March 13, 2022.

22. The decedent's CT brain scan was not completed until between 1:11 p.m. and 1:20 p.m., and the report of the CT brain scan was not dictated, by the interpreting radiologist, Jerrold Boxerman, M.D., until 2:48 p.m. The CT brain scan showed a subarachnoid hemorrhage in the right sylvian fissure and possible trace subdural hematoma at the floor of the right frontal lobe.

23. At 1:00 p.m., Belinda Shao, M.D., assessed the decedent, and noted he had a right frontal contusion with no midline shift and minimal mass effect. As a result of her recommendations, a repeat head CT was to be performed in 6 hours or sooner, if exam declines. This plan was reviewed by Joaquin Camara, M.D. of the neurosurgery team and was agreed upon.

24. While undergoing a repeat head and abdomen CT scan, the decedent became temporarily unresponsive, and therefore, began to convulse and shake, followed by left facial drop. Rapid Response was contacted, and defendant Adena Osband, M.D. was present for the rapid response.

25. The head CT scan showed significant interval enlargement of right frontal lobe intraparenchymal hematoma. The abdomen CT scan showed a large retroperitoneal hematoma superior and medial to the transplanted kidney.

26. As a result of the foregoing, the decedent's condition continued to worsen, and he ultimately died on March 15, 2022.

27. From on or about March 13, 2022, to March 15, 2022 the defendant Rhode Island Hospital through its agents, servants, employees and assigns, and defendants Adena Osband, M.D., Joaquin Camara, M.D., Jaewook Shin, M.D., and Belinda Shao, M.D., provided medical care to the decedent and were responsible for his care.

28. Defendants, Rhode Island Hospital, it's agents, servants and employees and defendants Adena Osband, M.D., Joaquin Camara, M.D., Jaewook Shin, M.D., and Belinda Shao, M.D., in the course of providing care and treatment to the plaintiff decedent breached the standard of care imposed upon them by law, negligently harming the decedent and causing serious and permanent injury thereby resulting in his death.

29. As a result of the negligent care and treatment by the defendant Rhode Island Hospital, its employees, agents and employees, and Adena Osband, M.D., Joaquin Camara, M.D., Jaewook Shin, M.D., and Belinda Shao, M.D., the decedent suffered from an intracranial hemorrhage as a result of falling and striking his head on March 13, 2022 when he was left unattended and unsupervised in the bathroom thereby causing his death.

<u>**Count I**</u>
<u>**Negligence – Rhode Island Hospital**</u>

30. Plaintiffs hereby incorporates Paragraphs 1 through 29 as if fully set forth herein.

31. On or about March 9, 2022, and thereafter, defendant Rhode Island Hospital, through its employees, agents, apparent agents, and servants undertook for a valuable consideration to diagnose, treat, and care for decedent.

32. It then and there became and was the duty of defendant Rhode Island Hospital, through its employees, agents, apparent agents, and servants to exercise ordinary care in the diagnosis, treatment and care of decedent.

33. Nevertheless, defendant Rhode Island Hospital disregarded its duty as aforesaid and, through its employees, agents, apparent agents, and servants failed to exercise said ordinary care in

that the employees, agents, apparent agents, and servants of defendant Rhode Island Hospital failed to properly diagnose and failed to render adequate, proper and necessary treatment to decedent and was otherwise negligent in its diagnosis, treatment, oversight and supervision, and care of him.

34. As a direct and proximate result of defendant Rhode Island Hospital's negligence as aforesaid, decedent suffered severe personal injuries and ultimately died on March 15, 2022.

35. The injuries suffered by decedent as a result of the defendant Rhode Island Hospital's negligence were not discoverable through reasonable diligence of the decedent nor the plaintiffs until he died on March 15, 2022.

36. By reason of the foregoing, the statutory beneficiaries of Walter Marchetti's estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 *et seq.*, including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

37. By reason of the foregoing, the decedent suffered severe injuries to his mind and body, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Walter Marchetti, as set forth under R.I. Gen Laws §10-7-7.

38. By reason of the foregoing, plaintiff Jason Marchetti has been and will continue to be deprived of the loss of parental society and companionship and for the emotional distress, grief, and loss of enjoyment of life as a result of the death of his father, Walter Marchetti, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

39. By reason of the foregoing, Walter Marchetti's Estate incurred funeral and administration expenses, which damages are remunerable on behalf of the Estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiffs Jason Marchetti, individually and as Executor of the Estate of Walter Marchetti demand judgment against defendant Rhode Island Hospital in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

**Count II**
**Ordinary Negligence – Rhode Island Hospital**

40. Plaintiffs hereby incorporates Paragraphs 1 through 29 and Count I as if fully set forth herein.

41. The defendants Rhode Island Hospital, Adena Osband, M.D, Joaquin Camara, M.D, Jaewook Shin, M.D., Belinda Shao, M.D., John Doe Corporation, Alias, John and/or Jane Doe, M.D, Alias, John and/or Jane Doe, R.N., Alias and the hospital nurses owed the plaintiff a duty to exercise that degree of care, diligence, and skill required of the average health care practitioner and hospital.

42. The defendant, collectively, and individually, breached that duty of care by failing to take reasonable and adequate measures to ensure the decedent's safety while using the bathroom in the defendant Rhode Island Hospital facility and to prevent the decedent from falling and experiencing a severe injury while under their care.

43. As a direct and proximate result of defendant Rhode Island Hospital's negligence as aforesaid, the decedent suffered severe personal injuries and ultimately died on March 15, 2022.

44. The injuries suffered by the decedent as a result of the defendant Rhode Island Hospital's negligence were not discoverable through reasonable diligence of the decedent nor the plaintiffs until he died on March 15, 2022.

45. By reason of the foregoing, the statutory beneficiaries of Walter Marchetti's estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 *et seq.*, including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

46. By reason of the foregoing, the decedent suffered severe injuries to his mind and body, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Walter Marchetti, as set forth under R.I. Gen Laws §10-7-7.

47. By reason of the foregoing, plaintiff Jason Marchetti has been and will continue to be deprived of the loss of parental society and companionship and for the emotional distress, grief, and

loss of enjoyment. By reason of the foregoing, the estate of Walter Marchetti incurred funeral and administration expenses, which damages are remunerable on behalf of the Estate under R.I. Gen. Laws §10-7-5.

48. 38. By reason of the foregoing, Walter Marchetti's Estate incurred funeral and administration expenses, which damages are remunerable on behalf of the Estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiffs Jason Marchetti, individually and as Executor of the Estate of Walter Marchetti demand judgment against defendant Rhode Island Hospital in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

<u>**Count III**</u>
<u>**Gross Negligence – Rhode Island Hospital**</u>

49. Plaintiffs hereby incorporates Paragraphs 1 through 29 and Counts I and II as if fully set forth herein.

50. The defendant, without regard for the health and well-being of the decedent, cared for and treated the decedent in a grossly negligent manner from March 9, 2022, and thereafter, including failing to supervise the decedent in accordance with the standard of care and the defendant's own treatment plan, failing to institute appropriate fall protection and allowing the decedent to be unsupervised while using the bathroom.

51. As a direct and proximate result of defendant Rhode Island Hospital's negligence as aforesaid, decedent suffered severe personal injuries and ultimately died on March 15, 2022.

52. The injuries suffered by the decedent as a result of the defendant Rhode Island Hospital's negligence were not discoverable through reasonable diligence of the decedent nor the plaintiffs until he died on March 15, 2022.

53. By reason of the foregoing, the statutory beneficiaries of Walter Marchetti's estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 *et seq.*, including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

54. By reason of the foregoing, the decedent suffered severe injuries to his mind and body, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Walter Marchetti, as set forth under R.I. Gen Laws §10-7-7.

55. By reason of the foregoing, plaintiff Jason Marchetti has been and will continue to be deprived of the loss of parental society and companionship and for the emotional distress, grief, and loss of enjoyment of life as a result of the death of his father, Walter Marchetti, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

56. By reason of the foregoing, Walter Marchetti's Estate incurred funeral and administration expenses, which damages are remunerable on behalf of the Estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiffs Jason Marchetti, individually and as Executor of the Estate of Walter Marchetti demand judgment against defendant Rhode Island Hospital in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## Count IV
## Lack of Informed Consent – Rhode Island Hospital

57. Plaintiffs hereby incorporates Paragraphs 1 through 29 and Counts I, II, and III as if fully set forth herein.

58. It then and there became the duty of defendant Rhode Island Hospital, no emergency existing, to inform decedent and plaintiffs of the risks of harm attendant to the treatment and care it proposed to administer to and perform upon decedent so that they could give their informed consent to such treatment.  It also then and there became the duty of defendant Rhode Island Hospital to obtain decedent and plaintiffs' informed consent before proceeding with said treatment and care.

59. Nevertheless, defendant Rhode Island Hospital disregarded its duty as aforesaid and failed to inform decedent and plaintiffs of the risks of harm attendant to the treatment and care in question and proceeded to perform said treatment and care without having obtained their informed consent.

60. If defendant Rhode Island Hospital had informed decedent and plaintiffs of the risks of harm attendant to the treatment and care in question, including, but not limited to, the risk that decedent might suffer those injuries from which he suffered as a direct performance of said treatment and care, they would have refused to consent to the performance of the treatment and care therein involved.

61. As a direct and proximate result of defendant Rhode Island Hospital's negligence as aforesaid, the decedent suffered severe personal injuries and ultimately died on March 15, 2022.

62. The injuries suffered by the decedent as a result of the defendant Rhode Island Hospital's negligence were not discoverable through reasonable diligence of the decedent nor the plaintiffs until he died on March 15, 2022.

63. By reason of the foregoing, the statutory beneficiaries of Walter Marchetti's estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 *et seq.*, including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

64. By reason of the foregoing, the decedent suffered severe injuries to his mind and body, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Walter Marchetti, as set forth under R.I. Gen Laws §10-7-7.

65. By reason of the foregoing, plaintiff Jason Marchetti has been and will continue to be deprived of the loss of parental society and companionship and for the emotional distress, grief, and loss of enjoyment of life as a result of the death of his father, Walter Marchetti, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

66. By reason of the foregoing, Walter Marchetti's Estate incurred funeral and administration expenses, which damages are remunerable on behalf of the Estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiffs Jason Marchetti, individually and as Executor of the Estate of Walter Marchetti demand judgment against defendant Rhode Island Hospital in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

### Count V
### Corporate Liability – Rhode Island Hospital

67. Plaintiffs hereby incorporate Paragraphs 1 through 29 and Counts I, II, III, and IV as if set forth fully herein.

68. It then and there became and was the duty of defendant Rhode Island Hospital to provide quality medical care to decedent, to protect his safety, to protect him from incompetent and/or negligent treatment to ensure that those providing care and treatment within its walls are properly credentialed, and to otherwise exercise reasonable care for his protection and well-being.

69. Nevertheless, defendant Rhode Island Hospital negligently disregarded its duty as aforesaid in that it failed to promulgate and enforce policies and procedures to ensure the delivery of ordinary medical care and otherwise failed to discharge its responsibilities as a hospital to Walter Marchetti.

70. As a direct and proximate result of defendant Rhode Island Hospital's negligence as aforesaid, the decedent suffered severe personal injuries and ultimately died on March 15, 2022.

71. The injuries suffered by the decedent as a result of the defendant Rhode Island Hospital's negligence were not discoverable through reasonable diligence of the decedent nor the plaintiffs until he died on March 15, 2022.

72. By reason of the foregoing, the statutory beneficiaries of Walter Marchetti's estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 *et seq.*, including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

73. By reason of the foregoing, decedent suffered severe injuries to his mind and body, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Walter Marchetti, as set forth under R.I. Gen Laws §10-7-7.

74. By reason of the foregoing, plaintiff Jason Marchetti has been and will continue to be deprived of the loss of parental society and companionship and for the emotional distress, grief, and loss of enjoyment of life as a result of the death of his father, Walter Marchetti, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

75. By reason of the foregoing, Walter Marchetti's Estate incurred funeral and administration expenses, which damages are remunerable on behalf of the Estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiffs Jason Marchetti, individually and as Executor of the Estate of Walter Marchetti demand judgment against defendant Rhode Island Hospital in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## Count VI
## Vicarious Liability – Rhode Island Hospital

76. Plaintiffs hereby incorporate Paragraphs 1 through 29 and Counts I, II, III, IV, and V as if fully set forth herein.

77. Defendants Adena Osband, M.D., Joaquin Camara, M.D., Jaewook Shin, M.D., and Belinda Shao, M.D., were employees, agents, apparent agents and/or servants of defendant Rhode Island Hospital and were acting within the scope of their employment at all times relevant hereto.

78. Defendant Rhode Island Hospital was at all relevant times vicariously responsible for the acts of its agents and servants including but not limited to, the acts of defendants Adena Osband, M.D., Joaquin Camara, M.D., Jaewook Shin, M.D., and Belinda Shao, M.D., as set forth above.

79. As a direct and proximate result of defendant Rhode Island Hospital's negligence as aforesaid, decedent suffered severe personal injuries and ultimately died on March 15, 2022.

80. The injuries suffered by decedent as a result of the defendant Rhode Island Hospital's negligence were not discoverable through reasonable diligence of the decedent nor the plaintiffs until he died on March 15, 2022.

81. By reason of the foregoing, the statutory beneficiaries of the Walter Marchetti's estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 *et seq.*, including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

82. By reason of the foregoing, the decedent suffered severe injuries to his mind and body, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Walter Marchetti, as set forth under R.I. Gen Laws §10-7-7.

83. By reason of the foregoing, plaintiff Jason Marchetti has been and will continue to be deprived of the loss of parental society and companionship and for the emotional distress, grief, and loss of enjoyment of life as a result of the death of his father, Walter Marchetti, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

84. By reason of the foregoing, Walter Marchetti's Estate incurred funeral and administration expenses, which damages are remunerable on behalf of the Estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiffs Jason Marchetti, individually and as Executor of the Estate of Walter Marchetti demand judgment against defendant Rhode Island Hospital in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## Count VII
## Negligence – Adena Osband, M.D.

85. Plaintiffs hereby incorporates Paragraphs 1 through 29 as if fully set forth herein.

86. On or about March 9, 2022, and thereafter, defendant, Adena Osband, M.D., undertook for valuable consideration to diagnose, treat, and care for Walter Marchetti.

87. It then and there became and was the duty of defendant, Adena Osband, M.D., to exercise that degree of diligence and skill required of physician in the practice of transplant surgery.

88. Nevertheless, defendant, Adena Osband, M.D., disregarded her duty as aforesaid and failed to exercise said degree of diligence and skill in that she failed to properly diagnose and failed to render adequate, proper, and necessary treatment to decedent and was otherwise negligent in her diagnosis, treatment, and care of Walter Marchetti.

89. As a direct and proximate result of defendant, Adena Osband, M.D.'s, negligence as aforesaid, decedent suffered severe personal injuries and ultimately died on March 15, 2022.

90. The injuries suffered by decedent as a result of the defendant, Adena Osband, M.D.'s negligence was not discoverable through reasonable diligence of the decedent nor the plaintiffs until he died on March 15, 2022.

91. By reason of the foregoing, the statutory beneficiaries of Walter Marchetti's estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 *et seq.*, including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

92. By reason of the foregoing, the decedent suffered severe injuries to his mind and body, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Walter Marchetti, as set forth under R.I. Gen Laws §10-7-7.

93. By reason of the foregoing, plaintiff Jason Marchetti has been and will continue to be deprived of the loss of parental society and companionship and for the emotional distress, grief, and

loss of enjoyment of life as a result of the death of his father, Walter Marchetti, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

94. By reason of the foregoing, Walter Marchetti's Estate incurred funeral and administration expenses, which damages are remunerable on behalf of the Estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiffs Jason Marchetti, individually and as Executor of the Estate of Walter Marchetti demand judgment against defendant, Adena Osband, M.D., in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

**Count VIII**
**Gross Negligence – Adena Osband, M.D.**

95. Plaintiffs hereby incorporate Paragraphs 1 through 29 and Count VII as if fully set forth herein.

96. The defendant, without regard for the health and well-being of the decedent, care for and treated the decedent in a grossly negligent manner from March 9, 2022, and thereafter, including failing to supervise the decedent in accordance with the standard of care and the defendant's own treatment plan, failing to institute appropriate fall protection, allowing the decedent to be unsupervised while using the bathroom, and treating the decedent's intracranial hemorrhage

97. As a direct and proximate result of defendant Adena Osband, M.D.'s negligence as aforesaid, decedent suffered severe personal injuries and ultimately died on March 15, 2022.

98. The injuries suffered by the decedent as a result of the defendant Adena Osband, M.D.'s negligence was not discoverable through reasonable diligence of the decedent nor the plaintiffs until he died on March 15, 2022.

99. By reason of the foregoing, the statutory beneficiaries of Walter Marchetti's estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 *et seq.*, including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

100. By reason of the foregoing, the decedent suffered severe injuries to his mind and body, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Walter Marchetti, as set forth under R.I. Gen Laws §10-7-7.

101. By reason of the foregoing, plaintiff Jason Marchetti has been and will continue to be deprived of the loss of parental society and companionship and for the emotional distress, grief, and loss of enjoyment of life as a result of the death of his father, Walter Marchetti, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

102. By reason of the foregoing, Walter Marchetti's Estate incurred funeral and administration expenses, which damages are remunerable on behalf of the Estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiffs Jason Marchetti, individually and as Executor of the Estate of Walter Marchetti demand judgment against defendant Adena Osband, M.D. in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## Count IX
## Ordinary Negligence – Adena Osband, M.D.

103. Plaintiffs hereby incorporate Paragraphs 1 through 29, Count VII, and Count VIII as if fully set forth herein.

104. The defendant Adena Osband, M.D., owed the plaintiffs a duty to exercise that degree of care, diligence, and skill required of the average health care practitioner and hospital.

105. The defendant breached that duty of care by failing to take reasonable and adequate measures to ensure the decedent's safety while using the bathroom in the defendant facility and to prevent the decedent from falling and experiencing a severe injury while under her care, and in treating the intracranial hemorrhage the decedent suffered after falling and striking his head.

106. As a direct and proximate result of defendant Adena Osband, M.D.'s negligence as aforesaid, the decedent suffered severe personal injuries and ultimately died on March 15, 2022.

16

107. The injuries suffered by the decedent as a result of the defendant Adena Osband, M.D.'s negligence was not discoverable through reasonable diligence of the decedent nor the plaintiffs until he died on March 15, 2022.

108. By reason of the foregoing, the statutory beneficiaries of Walter Marchetti's estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 *et seq.*, including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

109. By reason of the foregoing, the decedent suffered severe injuries to his mind and body, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Walter Marchetti, as set forth under R.I. Gen Laws §10-7-7.

110. By reason of the foregoing, plaintiff Jason Marchetti has been and will continue to be deprived of the loss of parental society and companionship and for the emotional distress, grief, and loss of enjoyment of life as a result of the death of his father, Walter Marchetti, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

111. By reason of the foregoing, Walter Marchetti's Estate incurred funeral and administration expenses, which damages are remunerable on behalf of the Estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiffs Jason Marchetti, individually and as Executor of the Estate of Walter Marchetti demand judgment against defendant, Adena Osband, M.D., in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## Count X
## Lack of Informed Consent – Adena Osband, M.D.

112. Plaintiffs hereby incorporate Paragraphs 1 through 29 and Count VII, Count VIII, and Count IX as if fully stated herein.

113. It then and there became the duty of defendant, Adena Osband, M.D., no emergency existing, to inform decedent and plaintiffs of the risks of harm attendant to the treatment and care she

proposed to administer to and perform upon decedent so that they could give their informed consent to such treatment. It also then and there became the duty of defendant, Adena Osband, M.D., to obtain decedent and plaintiffs' informed consent before proceeding with said treatment and care.

114. Nevertheless, defendant, Adena Osband, M.D., disregarded her duty as aforesaid and failed to inform decedent and plaintiffs of the risks of harm attendant to the treatment and care in question and proceeded to perform said treatment and care without having obtained their informed consent.

115. If defendant, Adena Osband, M.D., had informed decedent and plaintiffs of the risks of harm attendant to the treatment and care in question, including, but not limited to, the risk that decedent might suffer those injuries from which he suffered as a direct performance of said treatment and care, they would have refused to consent to the performance of the treatment and care therein involved.

116. As a direct and proximate result of defendant Adena Osband, M.D.'s negligence as aforesaid, the decedent suffered severe personal injuries and ultimately died on March 15, 2022.

117. The injuries suffered by the decedent as a result of the defendant, Adena Osband, M.D.'s negligence was not discoverable through reasonable diligence of the decedent nor the plaintiffs until he died on March 15, 2022.

118. By reason of the foregoing, the statutory beneficiaries of Walter Marchetti's estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 *et seq.*, including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

119. By reason of the foregoing, the decedent suffered severe injuries to his mind and body, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Walter Marchetti, as set forth under R.I. Gen Laws §10-7-7.

120. By reason of the foregoing, plaintiff Jason Marchetti has been and will continue to be deprived of the loss of parental society and companionship and for the emotional distress, grief, and loss of enjoyment of life as a result of the death of his father, Walter Marchetti, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

121. By reason of the foregoing, Walter Marchetti's Estate incurred funeral and administration expenses, which damages are remunerable on behalf of the Estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiffs Jason Marchetti, individually and as Executor of the Estate of Walter Marchetti demand judgment against defendant, Adena Osband, M.D., in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

### Count XI
### Negligence – Jaewook Shin, M.D.

122. Plaintiffs hereby incorporates Paragraphs 1 through 29 as if fully set forth herein.

123. On or about March 9, 2022, and thereafter, defendant, Jaewook Shin, M.D., undertook for valuable consideration to diagnose, treat, and care for Walter Marchetti.

124. It then and there became and was the duty of defendant, Jaewook Shin, M.D., to exercise that degree of diligence and skill required of physician in the practice of general surgery.

125. Nevertheless, defendant, Jaewook Shin, M.D., disregarded his duty as aforesaid and failed to exercise said degree of diligence and skill in that she failed to properly diagnose and failed to render adequate, proper, and necessary treatment to decedent and was otherwise negligent in her diagnosis, treatment, and care of Walter Marchetti.

126. As a direct and proximate result of defendant, Jaewook Shin, M.D.'s, negligence as aforesaid, decedent suffered severe personal injuries and ultimately died on March 15, 2022.

127. The injuries suffered by the decedent as a result of the defendant, Jaewook Shin, M.D.'s negligence was not discoverable through reasonable diligence of the decedent nor the plaintiffs until he died on March 15, 2022.

128. By reason of the foregoing, the statutory beneficiaries of Walter Marchetti's estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 *et seq.*, including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

129. By reason of the foregoing, decedent suffered severe injuries to his mind and body, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Walter Marchetti, as set forth under R.I. Gen Laws §10-7-7.

130. By reason of the foregoing, plaintiff Jason Marchetti has been and will continue to be deprived of the loss of parental society and companionship and for the emotional distress, grief, and loss of enjoyment of life as a result of the death of his father, Walter Marchetti, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

131. By reason of the foregoing, Walter Marchetti's Estate incurred funeral and administration expenses, which damages are remunerable on behalf of the Estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiffs Jason Marchetti, individually and as Executor of the Estate of Walter Marchetti demand judgment against defendant, Jaewook Shin, M.D., in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## Count XII
## Gross Negligence – Jaewook Shin, M.D.

132. Plaintiffs hereby incorporate Paragraphs 1 through 29 and Count XI as if fully set forth herein.

133. The defendant, without regard for the health and well-being of the decedent, care for and treated the decedent in a grossly negligent manner from March 9, 2022, and thereafter, including failing to supervise the decedent in accordance with the standard of care and the defendant's own treatment plan, failing to institute appropriate fall protection, allowing the decedent to be unsupervised while using the bathroom and treating the decedent's intracranial hemorrhage.

134. As a direct and proximate result of defendant Jaewook Shin, M.D.'s negligence as aforesaid, decedent suffered severe personal injuries and ultimately died on March 15, 2022.

135. The injuries suffered by decedent as a result of the defendant Jaewook Shin, M.D.'s negligence was not discoverable through reasonable diligence of the decedent nor the plaintiffs until he died on March 15, 2022.

136. By reason of the foregoing, the statutory beneficiaries of Walter Marchetti's estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 *et seq.*, including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

137. By reason of the foregoing, the decedent suffered severe injuries to his mind and body, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Walter Marchetti, as set forth under R.I. Gen Laws §10-7-7.

138. By reason of the foregoing, plaintiff Jason Marchetti has been and will continue to be deprived of the loss of parental society and companionship and for the emotional distress, grief, and loss of enjoyment of life as a result of the death of his father, Walter Marchetti, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

139. By reason of the foregoing, Walter Marchetti's Estate incurred funeral and administration expenses, which damages are remunerable on behalf of the Estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiffs Jason Marchetti, individually and as Executor of the Estate of Walter Marchetti, individually demand judgment against defendant, Jaewook Shin, M.D., in an amount

exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

**Count XIII**
**Ordinary Negligence – Jaewook Shin, M.D.**

140. Plaintiffs hereby incorporate Paragraphs 1 through 29, Count XI and Count XII as if fully set forth herein.

141. The defendant Jaewook Shin, M.D. owed the plaintiffs a duty to exercise that degree of care, diligence, and skill required of the average health care practitioner and hospital.

142. The defendant breached that duty of care by failing to take reasonable and adequate measures to ensure the decedent's safety while using the bathroom in the defendant facility and to prevent the decedent from falling and experiencing a severe injury while under his care, and in treating the intracranial hemorrhage the decedent suffered after falling and striking his head.

143. As a direct and proximate result of defendant Jaewook Shin, M.D.'s negligence as aforesaid, the decedent suffered severe personal injuries and ultimately died on March 15, 2022.

144. The injuries suffered by the decedent as a result of the defendant Jaewook Shin, M.D.'s negligence was not discoverable through reasonable diligence of the decedent nor the plaintiffs until he died on March 15, 2022.

145. By reason of the foregoing, the statutory beneficiaries of Walter Marchetti's estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 *et seq.*, including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

146. By reason of the foregoing, the decedent suffered severe injuries to his mind and body, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Walter Marchetti, as set forth under R.I. Gen Laws §10-7-7.

147. By reason of the foregoing, plaintiff Jason Marchetti has been and will continue to be deprived of the loss of parental society and companionship and for the emotional distress, grief, and

loss of enjoyment of life as a result of the death of his father, Walter Marchetti, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

148. By reason of the foregoing, Walter Marchetti's Estate incurred funeral and administration expenses, which damages are remunerable on behalf of the Estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiffs Jason Marchetti, individually and as Executor of the Estate of Walter Marchetti demand judgment against defendant, Jaewook Shin, M.D., in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

<u>Count XIV</u>
<u>Lack of Informed Consent – Jaewook Shin, M.D.</u>

149. Plaintiffs hereby incorporate Paragraphs 1 through 29 and Count XI, Count XII, and Count XIII as if fully stated herein.

150. It then and there became the duty of defendant, Jaewook Shin, M.D., no emergency existing, to inform decedent and plaintiffs of the risks of harm attendant to the treatment and care she proposed to administer to and perform upon decedent so that they could give their informed consent to such treatment.  It also then and there became the duty of defendant, Jaewook Shin, M.D., to obtain decedent and plaintiffs' informed consent before proceeding with said treatment and care.

151. Nevertheless, defendant, Jaewook Shin, M.D., disregarded his duty as aforesaid and failed to inform decedent and plaintiffs of the risks of harm attendant to the treatment and care in question and proceeded to perform said treatment and care without having obtained their informed consent.

152. If defendant, Jaewook Shin, M.D., had informed decedent and plaintiffs of the risks of harm attendant to the treatment and care in question, including, but not limited to, the risk that decedent might suffer those injuries from which he suffered as a direct performance of said

treatment and care, they would have refused to consent to the performance of the treatment and care therein involved.

153. As a direct and proximate result of defendant, Jaewook Shin, M.D.'s negligence as aforesaid, the decedent suffered severe personal injuries and ultimately died on March 15, 2022.

154. The injuries suffered by the decedent as a result of the defendant, Jaewook Shin, M.D.'s negligence was not discoverable through reasonable diligence of the decedent nor the plaintiffs until he died on March 15, 2022.

155. By reason of the foregoing, the statutory beneficiaries of Walter Marchetti's estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 *et seq.*, including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

156. By reason of the foregoing, decedent suffered severe injuries to his mind and body, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Walter Marchetti, as set forth under R.I. Gen Laws §10-7-7.

157. By reason of the foregoing, plaintiff Jason Marchetti has been and will continue to be deprived of the loss of parental society and companionship and for the emotional distress, grief, and loss of enjoyment of life as a result of the death of his father, Walter Marchetti, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

158. By reason of the foregoing, Walter Marchetti's Estate incurred funeral and administration expenses, which damages are remunerable on behalf of the Estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiffs Jason Marchetti, individually and as Executor of the Estate of Walter Marchetti demand judgment against defendant, Jaewook Shin, M.D., in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

**Count XV**
**Negligence – Joaquin Camara, M.D.**

159. Plaintiffs hereby incorporate Paragraphs 1 through 29 as if set forth fully herein.

160. On or about March 13, 2022, and thereafter, defendant, Joaquin Camara, M.D., undertook for valuable consideration to diagnose, treat, and care for Walter Marchetti.

161. It then and there became and was the duty of defendant, Joaquin Camara, M.D., to exercise that degree of diligence and skill required of physician in the practice of neurosurgery.

162. Nevertheless, defendant, Joaquin Camara, M.D., disregarded his duty as aforesaid and failed to exercise said degree of diligence and skill in that he failed to properly diagnose and failed to render adequate, proper, and necessary treatment to decedent and was otherwise negligent in his diagnosis, treatment, and care of Walter Marchetti.

163. As a direct and proximate result of defendant, Joaquin Camara, M.D.'s, negligence as aforesaid, the decedent suffered severe personal injuries and ultimately died on March 15, 2022.

164. The injuries suffered by the decedent as a result of the defendant, Joaquin Camara, M.D.'s negligence was not discoverable through reasonable diligence of the decedent nor the plaintiffs until he died on March 15, 2022.

165. By reason of the foregoing, the statutory beneficiaries of Walter Marchetti's estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

166. By reason of the foregoing, the decedent suffered severe injuries to his mind and body, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Walter Marchetti, as set forth under R.I. Gen Laws §10-7-7.

167. By reason of the foregoing, plaintiff Jason Marchetti has been and will continue to be deprived of the loss of parental society and companionship and for the emotional distress, grief, and

loss of enjoyment of life as a result of the death of his father, Walter Marchetti, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

168. By reason of the foregoing, Walter Marchetti's Estate incurred funeral and administration expenses, which damages are remunerable on behalf of the Estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiffs Jason Marchetti, individually and as Executor of the Estate of Walter Marchetti demand judgment against defendant, Joaquin Camara, M.D., in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

### Count XVI
### Gross Negligence – Joaquin Camara, M.D.

169. Plaintiffs hereby incorporate Paragraphs 1 through 29 and Count XV as if fully set forth herein.

170. The defendant, without regard for the health and well-being of the decedent, care for and treated the decedent in a grossly negligent manner from March 13, 2022, and thereafter, including failing to supervise the decedent in accordance with the standard of care and the defendant's own treatment plan, failing to institute appropriate fall protection, allowing the decedent to be unsupervised while using the bathroom, and treating the decedent's intracranial hemorrhage.

171. As a direct and proximate result of defendant Joaquin Camara, M.D.'s negligence as aforesaid, the decedent suffered severe personal injuries and ultimately died on March 15, 2022.

172. The injuries suffered by the decedent as a result of the defendant Joaquin Camara, M.D.'s negligence was not discoverable through reasonable diligence of the decedent nor the plaintiffs until he died on March 15, 2022.

173. By reason of the foregoing, the statutory beneficiaries of Walter Marchetti's estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 *et seq.*, including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

174. By reason of the foregoing, the decedent suffered severe injuries to his mind and body, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Walter Marchetti, as set forth under R.I. Gen Laws §10-7-7.

175. By reason of the foregoing, plaintiff Jason Marchetti has been and will continue to be deprived of the loss of parental society and companionship and for the emotional distress, grief, and loss of enjoyment of life as a result of the death of his father, Walter Marchetti, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

176. By reason of the foregoing, Walter Marchetti's Estate incurred funeral and administration expenses, which damages are remunerable on behalf of the Estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiffs Jason Marchetti, individually and as Executor of the Estate of Walter Marchetti demand judgment against defendant Joaquin Camara, M.D. in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## Count XVII
## Ordinary Negligence – Joaquin Camara, M.D.

177. Plaintiffs hereby incorporate Paragraphs 1 through 29, Count XV and Count XVI as if fully set forth herein.

178. The defendant Joaquin Camara, M.D. owed the plaintiffs a duty to exercise that degree of care, diligence, and skill required of the average health care practitioner and hospital.

179. The defendant breached that duty of care by failing to take reasonable and adequate measures to ensure the decedent's safety while using the bathroom in the defendant facility, to prevent

the decedent from falling and experiencing a severe injury while under his care, and in treating the intracranial hemorrhage the decedent suffered after falling and striking his head.

180. As a direct and proximate result of defendant Joaquin Camara, M.D.'s negligence as aforesaid, the decedent suffered severe personal injuries and ultimately died on March 15, 2022.

181. The injuries suffered by decedent as a result of the defendant Joaquin Camara, M.D.'s negligence was not discoverable through reasonable diligence of the decedent nor the plaintiffs until he died on March 15, 2022.

182. By reason of the foregoing, the statutory beneficiaries of Walter Marchetti's estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 *et seq.*, including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

183. By reason of the foregoing, the decedent suffered severe injuries to his mind and body, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Walter Marchetti, as set forth under R.I. Gen Laws §10-7-7.

184. By reason of the foregoing, plaintiff Jason Marchetti has been and will continue to be deprived of the loss of parental society and companionship and for the emotional distress, grief, and loss of enjoyment of life as a result of the death of his father, Walter Marchetti, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

185. By reason of the foregoing, Walter Marchetti's Estate incurred funeral and administration expenses, which damages are remunerable on behalf of the Estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiffs Jason Marchetti, individually and as Executor of the Estate of Walter Marchetti demand judgment against defendant Joaquin Camara, M.D. in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

**Count XVIII**
**Lack of Informed Consent – Joaquin Camara, M.D.**

186. Plaintiffs hereby incorporate Paragraphs 1 through 29 and Count XV, Count XVI, and Count XVII as if fully stated herein.

187. It then and there became the duty of defendant, Joaquin Camara, M.D., no emergency existing, to inform decedent and plaintiffs of the risks of harm attendant to the treatment and care she proposed to administer to and perform upon decedent so that they could give their informed consent to such treatment.  It also then and there became the duty of defendant, Joaquin Camara, M.D., to obtain decedent and plaintiffs' informed consent before proceeding with said treatment and care.

188. Nevertheless, defendant, Joaquin Camara, M.D., disregarded his duty as aforesaid and failed to inform decedent and plaintiffs of the risks of harm attendant to the treatment and care in question and proceeded to perform said treatment and care without having obtained their informed consent.

189. If defendant, Joaquin Camara, M.D., had informed decedent and plaintiffs of the risks of harm attendant to the treatment and care in question, including, but not limited to, the risk that decedent might suffer those injuries from which he suffered as a direct performance of said treatment and care, they would have refused to consent to the performance of the treatment and care therein involved.

190. As a direct and proximate result of defendant, Joaquin Camara, M.D.'s negligence as aforesaid, the decedent suffered severe personal injuries and ultimately died on March 15, 2022.

191. The injuries suffered by the decedent as a result of the defendant, Joaquin Camara, M.D.'s negligence was not discoverable through reasonable diligence of the decedent nor the plaintiffs until he died on March 15, 2022.

192. By reason of the foregoing, the statutory beneficiaries of Walter Marchetti's estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 *et seq.*, including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

193. By reason of the foregoing, decedent suffered severe injuries to his mind and body, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Walter Marchetti as set forth under R.I. Gen Laws §10-7-7.

194. By reason of the foregoing, plaintiff Jason Marchetti has been and will continue to be deprived of the loss of parental society and companionship and for the emotional distress, grief, and loss of enjoyment of life as a result of the death of his father, Walter Marchetti, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

195. By reason of the foregoing, Walter Marchetti's Estate incurred funeral and administration expenses, which damages are remunerable on behalf of the Estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiffs Jason Marchetti, individually and as Executor of the Estate of Walter Marchetti demand judgment against defendant, Joaquin Camara, M.D., in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## Count XIX
## Negligence – Belinda Shao, M.D.

196. Plaintiffs hereby incorporates Paragraphs 1 through 29 as if fully set forth herein.

197. On or about March 9, 2022, and thereafter, defendant, Belinda Shao, M.D., undertook for valuable consideration to diagnose, treat, and care for Walter Marchetti.

198. It then and there became and was the duty of defendant, Belinda Shao, M.D., to exercise that degree of diligence and skill required of physician in the practice of neurosurgery.

199. Nevertheless, defendant, Belinda Shao, M.D., disregarded her duty as aforesaid and failed to exercise said degree of diligence and skill in that she failed to properly diagnose and failed to render adequate, proper, and necessary treatment to decedent and was otherwise negligent in her diagnosis, treatment, and care of Walter Marchetti.

200. As a direct and proximate result of defendant, Belinda Shao, M.D.'s, negligence as aforesaid, the decedent suffered severe personal injuries and ultimately died on March 15, 2022.

201. The injuries suffered by decedent as a result of the defendant, Belinda Shao, M.D.'s negligence was not discoverable through reasonable diligence of the decedent nor the plaintiffs until he died on March 15, 2022.

202. By reason of the foregoing, the statutory beneficiaries of Walter Marchetti's estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 *et seq.*, including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

203. By reason of the foregoing, the decedent suffered severe injuries to his mind and body, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Walter Marchetti, as set forth under R.I. Gen Laws §10-7-7.

204. By reason of the foregoing, plaintiff Jason Marchetti has been and will continue to be deprived of the loss of parental society and companionship and for the emotional distress, grief, and loss of enjoyment of life as a result of the death of his father, Walter Marchetti, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

205. By reason of the foregoing, Walter Marchetti's Estate incurred funeral and administration expenses, which damages are remunerable on behalf of the Estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiffs Jason Marchetti, individually and as Executor of the Estate of Walter Marchetti demand judgment against defendant, Belinda Shao, M.D., in an amount exceeding

the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## Count XX
## Gross Negligence – Belinda Shao, M.D.

206. Plaintiffs hereby incorporate Paragraphs 1 through 29 and Count XIX as if fully set forth herein.

207. The defendant, without regard for the health and well-being of the decedent, care for and treated the decedent in a grossly negligent manner from March 13, 2022, and thereafter, including failing to supervise the decedent in accordance with the standard of care and the defendant's own treatment plan, failing to institute appropriate fall protection, allowing the decedent to be unsupervised while using the bathroom, and treating the decedent's intracranial hemorrhage.

208. As a direct and proximate result of defendant Belinda Shao, M.D.'s negligence as aforesaid, the decedent suffered severe personal injuries and ultimately died on March 15, 2022.

209. The injuries suffered by the decedent as a result of the defendant Belinda Shao, M.D.'s negligence was not discoverable through reasonable diligence of the decedent nor the plaintiffs until he died on March 15, 2022.

210. By reason of the foregoing, the statutory beneficiaries of Walter Marchetti's estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 *et seq.*, including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

211. By reason of the foregoing, decedent suffered severe injuries to his mind and body, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of decedent, as set forth under R.I. Gen Laws §10-7-7.

212. By reason of the foregoing, plaintiff Jason Marchetti has been and will continue to be deprived of the loss of parental society and companionship and for the emotional distress, grief, and

loss of enjoyment of life as a result of the death of his father, Walter Marchetti, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

213. By reason of the foregoing, Walter Marchetti's Estate incurred funeral and administration expenses, which damages are remunerable on behalf of the Estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiffs Jason Marchetti, individually and as Executor of the Estate of Walter Marchetti demand judgment against defendant, Belinda Shao, M.D., in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## Count XXI
## Ordinary Negligence – Belinda Shao, M.D.

214. Plaintiffs hereby incorporate Paragraphs 1 through 29, Count XIX and Count XX as if fully set forth herein.

215. The defendant Belinda Shao, M.D. owed the plaintiffs a duty to exercise that degree of care, diligence, and skill required of the average health care practitioner and hospital.

216. The defendant breached that duty of care by failing to take reasonable and adequate measures to ensure the decedent's safety while using the bathroom in the defendant facility to prevent the decedent from falling and experiencing a severe injury while under her care, and in treating the intracranial hemorrhage the decedent suffered after falling and striking his head.

217. As a direct and proximate result of defendant Belinda Shao, M.D.'s negligence as aforesaid, the decedent suffered severe personal injuries and ultimately died on March 15, 2022.

218. The injuries suffered by decedent as a result of the defendant Belinda Shao, M.D.'s negligence was not discoverable through reasonable diligence of the decedent nor the plaintiffs until he died on March 15, 2022.

219. By reason of the foregoing, the statutory beneficiaries of Walter Marchetti's estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 *et seq.*, including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

220. By reason of the foregoing, the decedent suffered severe injuries to his mind and body, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Walter Marchetti, as set forth under R.I. Gen Laws §10-7-7.

221. By reason of the foregoing, plaintiff Jason Marchetti has been and will continue to be deprived of the loss of parental society and companionship and for the emotional distress, grief, and loss of enjoyment of life as a result of the death of his father, Walter Marchetti, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

222. By reason of the foregoing, Walter Marchetti's Estate incurred funeral and administration expenses, which damages are remunerable on behalf of the Estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiffs Jason Marchetti, individually and as Executor of the Estate of Walter Marchetti demand judgment against defendant, Belinda Shao, M.D., in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

### Count XXII
### Lack of Informed Consent – Belinda Shao, M.D.

223. Plaintiffs hereby incorporate Paragraphs 1 through 29 and Count XIX, Count XX and Count XXI as if fully stated herein.

224. It then and there became the duty of defendant, Belinda Shao, M.D., no emergency existing, to inform decedent and plaintiffs of the risks of harm attendant to the treatment and care she proposed to administer to and perform upon decedent so that they could give their informed consent to such treatment.  It also then and there became the duty of defendant, Belinda Shao, M.D., to obtain decedent and plaintiffs' informed consent before proceeding with said treatment and care.

225. Nevertheless, defendant, Belinda Shao, M.D., disregarded his duty as aforesaid and failed to inform decedent and plaintiffs of the risks of harm attendant to the treatment and care in question and proceeded to perform said treatment and care without having obtained their informed consent.

226. If defendant, Belinda Shao, M.D., had informed decedent and plaintiffs of the risks of harm attendant to the treatment and care in question, including, but not limited to, the risk that decedent might suffer those injuries from which he suffered as a direct performance of said treatment and care, they would have refused to consent to the performance of the treatment and care therein involved.

227. As a direct and proximate result of defendant, Belinda Shao, M.D.'s negligence as aforesaid, the decedent suffered severe personal injuries and ultimately died on March 15, 2022.

228. The injuries suffered by the decedent as a result of the defendant, Belinda Shao, M.D.'s negligence was not discoverable through reasonable diligence of the decedent nor the plaintiffs until he died on March 15, 2022.

229. By reason of the foregoing, the statutory beneficiaries of Walter Marchetti's estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 *et seq.*, including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

230. By reason of the foregoing, decedent suffered severe injuries to his mind and body, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Walter Marchetti, as set forth under R.I. Gen Laws §10-7-7.

231. By reason of the foregoing, plaintiff Jason Marchetti has been and will continue to be deprived of the loss of parental society and companionship and for the emotional distress, grief, and loss of enjoyment of life as a result of the death of his father, Walter Marchetti, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

232. By reason of the foregoing, Walter Marchetti's Estate incurred funeral and administration expenses, which damages are remunerable on behalf of the Estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiffs Jason Marchetti, individually and as Executor of the Estate of Walter Marchetti demand judgment against defendant, Belinda Shao, M.D., in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## Count XXIII
## Negligence – John and/or Jane Doe, M.D., Alias

233. Plaintiffs hereby incorporate Paragraphs 1 through 29 as if fully stated herein.

234. On or about March 9, 2022 and thereafter, defendants undertook for a valuable consideration to diagnose, treat, and care for decedent.

235. It then and there became and was the duty of the defendants to exercise that degree of diligence and skill required of the average physicians in the practice of medicine.

236. Nevertheless, defendants disregarded their duty as aforesaid and failed to exercise said degree of diligence and skill in that they failed to properly diagnose and failed to render adequate, proper, and necessary treatment to decedent and were otherwise negligent in their diagnosis, treatment, and care of Walter Marchetti.

237. As a direct and proximate result of defendants' negligence as aforesaid, the decedent suffered severe personal injuries and ultimately died on March 15, 2022.

238. The injuries suffered by the decedent as a result of the defendants' negligence were not discoverable through reasonable diligence of the decedent nor the plaintiffs until he died on March 15, 2022.

239. By reason of the foregoing, the statutory beneficiaries of Walter Marchetti's estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

240. By reason of the foregoing, the decedent suffered severe injuries to his mind and body, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Walter Marchetti, as set forth under R.I. Gen Laws §10-7-7.

241. By reason of the foregoing, plaintiff Jason Marchetti has been and will continue to be deprived of the loss of parental society and companionship and for the emotional distress, grief, and loss of enjoyment of life as a result of the death of his father, Walter Marchetti, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

242. By reason of the foregoing, Walter Marchetti's Estate incurred funeral and administration expenses, which damages are remunerable on behalf of the Estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiffs Jason Marchetti, individually and as Executor of the Estate of Walter Marchetti demand judgment against defendants, John and/or Jane Doe, M.D., Alias, in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

**Count XXIV**
**Gross Negligence – John and/or Jane Doe, M.D., Alias**

243. Plaintiffs hereby incorporate Paragraphs 1 through 29 and Count XXIII as if fully stated herein.

244. The defendant, without regard for the health and well-being of the decedent, care for and treated the decedent in a grossly negligent manner from March 9, 2022, and thereafter, including failing to supervise the decedent in accordance with the standard of care and the defendant's own treatment plan, failing to institute appropriate fall protection, allowing the decedent to be unsupervised while using the bathroom, and treating the decedent's intracranial hemorrhage.

245. As a direct and proximate result of defendant John and/or Jane Doe, M.D., Alias's negligence as aforesaid, decedent suffered severe personal injuries and ultimately died on March 15, 2022.

246. The injuries suffered by the decedent as a result of the defendant John and/or Jane Doe, M.D., Alias's negligence was not discoverable through reasonable diligence of the decedent nor the plaintiffs until he died on March 15, 2022.

247. By reason of the foregoing, the statutory beneficiaries of Walter Marchetti's estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 *et seq.*, including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

248. By reason of the foregoing, decedent suffered severe injuries to his mind and body, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Walter Marchetti, as set forth under R.I. Gen Laws §10-7-7.

249. By reason of the foregoing, plaintiff Jason Marchetti has been and will continue to be deprived of the loss of parental society and companionship and for the emotional distress, grief, and loss of enjoyment of life as a result of the death of his father, Walter Marchetti, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

250. By reason of the foregoing, Walter Marchetti's Estate incurred funeral and administration expenses, which damages are remunerable on behalf of the Estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiffs Jason Marchetti, individually and as Executor of the Estate of Walter Marchetti demand judgment against defendant John and/or Jane Doe, M.D., Alias in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

### Count XXV
### Ordinary Negligence – John and/or Jane Doe, M.D., Alias

251. Plaintiffs hereby incorporate Paragraphs 1 through 29, Count XXIII, and Count XXIV as if fully set forth herein.

252. The defendants John and/or Jane Doe, M.D., Alias owed the plaintiffs a duty to exercise that degree of care, diligence, and skill required of the average health care practitioner and hospital.

253. The defendant breached that duty of care by failing to take reasonable and adequate measures to ensure the decedent's safety while using the bathroom in the defendant facility, to prevent the decedent from falling and experiencing a severe injury while under their care, and in treating the intracranial hemorrhage the decedent suffered after falling and striking his head.

254. As a direct and proximate result of defendant John and/or Jane Doe, M.D., Alias's negligence as aforesaid, the decedent suffered severe personal injuries and ultimately died on March 15, 2022.

255. The injuries suffered by the decedent as a result of the defendant John and/or Jane Doe, M.D., Alias's negligence was not discoverable through reasonable diligence of the decedent nor the plaintiffs until he died on March 15, 2022.

256. By reason of the foregoing, the statutory beneficiaries of Walter Marchetti's estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 *et seq.*, including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

257. By reason of the foregoing, decedent suffered severe injuries to his mind and body, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Walter Marchetti, as set forth under R.I. Gen Laws §10-7-7.

258. By reason of the foregoing, plaintiff Jason Marchetti has been and will continue to be deprived of the loss of parental society and companionship and for the emotional distress, grief, and loss of enjoyment of life as a result of the death of his father, Walter Marchetti, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

259. By reason of the foregoing, Walter Marchetti's Estate incurred funeral and administration expenses, which damages are remunerable on behalf of the Estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiffs Jason Marchetti, individually and as Executor of the Estate of Walter Marchetti demand judgment against defendant John and/or Jane Doe, M.D., Alias in an

amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## Count XXVI
## Lack of Informed Consent – John and/or Jane Doe, M.D., Alias

260. Plaintiffs hereby incorporate Paragraphs 1 through 29, Count XXIII, Count XXIV, and Count XXV as if fully stated herein.

261. It then and there became the duty of defendants, no emergency existing, to inform decedent and plaintiffs of the risks of harm attendant to the treatment and care they proposed to administer to and perform upon decedent so that they could give their informed consent to such treatment.  It also then and there became the duty of defendants to obtain decedent and plaintiffs' informed consent before proceeding with said treatment and care.

262. Nevertheless, defendants disregarded their duty as aforesaid and failed to inform decedent and plaintiffs of the risks of harm attendant to the treatment and care in question and proceeded to perform said treatment and care without having obtained their informed consent.

263. If defendants had informed the decedent and plaintiffs of the risks of harm attendant to the treatment and care in question, including, but not limited to, the risk that decedent might suffer those injuries from which he suffered as a direct performance of said treatment and care, they would have refused to consent to the performance of the treatment and care therein involved.

264. As a direct and proximate result of defendants' negligence as aforesaid, the decedent suffered severe personal injuries and ultimately died on March 15, 2022.

265. The injuries suffered by decedent as a result of the defendants' negligence were not discoverable through reasonable diligence of the decedent nor the plaintiffs until he died on March 15, 2022.

266. By reason of the foregoing, the statutory beneficiaries of Walter Marchetti's estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

267. By reason of the foregoing, decedent suffered severe injuries to his mind and body, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Walter Marchetti, as set forth under R.I. Gen Laws §10-7-7.

268. By reason of the foregoing, plaintiff Jason Marchetti has been and will continue to be deprived of the loss of parental society and companionship and for the emotional distress, grief, and loss of enjoyment of life as a result of the death of his father, Walter Marchetti, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

269. By reason of the foregoing, Walter Marchetti's Estate incurred funeral and administration expenses, which damages are remunerable on behalf of the Estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiffs, Jason Marchetti, individually and as Executor of the Estate of Walter Marchetti demand judgment against defendants, John and/or Jane Doe, M.D., Alias, in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## Count XXVII
## Negligence – John and/or Jane Doe, R.N., Alias

270. Plaintiffs hereby incorporate Paragraphs 1 through 29 as if fully stated herein.

271. On or about March 9, 2022 and thereafter, defendants undertook for a valuable consideration to diagnose, treat, and care for decedent.

272. It then and there became and was the duty of the defendants to exercise that degree of diligence and skill required of the average physicians in the practice of medicine.

273. Nevertheless, defendants disregarded their duty as aforesaid and failed to exercise said degree of diligence and skill in that they failed to properly diagnose and failed to render adequate,

proper, and necessary treatment to decedent and were otherwise negligent in their diagnosis, treatment, and care of Walter Marchetti.

274. As a direct and proximate result of defendants' negligence as aforesaid, the decedent suffered severe personal injuries and ultimately died on March 15, 2022.

275. The injuries suffered by the decedent as a result of the defendants' negligence were not discoverable through reasonable diligence of the decedent nor the plaintiffs until he died on March 15, 2022.

276. By reason of the foregoing, the statutory beneficiaries of Walter Marchetti's estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

277. By reason of the foregoing, the decedent suffered severe injuries to his mind and body, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Walter Marchetti, as set forth under R.I. Gen Laws §10-7-7.

278. By reason of the foregoing, plaintiff Jason Marchetti has been and will continue to be deprived of the loss of parental society and companionship and for the emotional distress, grief, and loss of enjoyment of life as a result of the death of his father, Walter Marchetti, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

279. By reason of the foregoing, Walter Marchetti's Estate incurred funeral and administration expenses, which damages are remunerable on behalf of the Estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiffs Jason Marchetti, individually and as Executor of the Estate of Walter Marchetti demand judgment against defendants, John and/or Jane Doe, R.N., Alias, in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

**Count XXVIII**
**Gross Negligence – John and/or Jane Doe, R.N., Alias**

280. Plaintiffs hereby incorporate Paragraphs 1 through 29 and Count XXVII as if fully stated herein.

281. The defendant, without regard for the health and well-being of the decedent, care for and treated the decedent in a grossly negligent manner from March 9, 2022, and thereafter, including failing to supervise the decedent in accordance with the standard of care and the defendant's own treatment plan, failing to institute appropriate fall protection, allowing the decedent to be unsupervised while using the bathroom, and treating the decedent's intracranial hemorrhage.

282. As a direct and proximate result of defendant John and/or Jane Doe, R.N., Alias's negligence as aforesaid, the decedent suffered severe personal injuries and ultimately died on March 15, 2022.

283. The injuries suffered by the decedent as a result of the defendant John and/or Jane Doe, R.N., Alias's negligence was not discoverable through reasonable diligence of the decedent nor the plaintiffs until he died on March 15, 2022.

284. By reason of the foregoing, the statutory beneficiaries of Walter Marchetti's estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 *et seq.*, including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

285. By reason of the foregoing, the decedent suffered severe injuries to his mind and body, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Walter Marchetti, as set forth under R.I. Gen Laws §10-7-7.

286. By reason of the foregoing, plaintiff Jason Marchetti has been and will continue to be deprived of the loss of parental society and companionship and for the emotional distress, grief, and loss of enjoyment of life as a result of the death of his father, Walter Marchetti, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

287. By reason of the foregoing, Walter Marchetti's Estate incurred funeral and administration expenses, which damages are remunerable on behalf of the Estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiffs Jason Marchetti, individually and as Executor of the Estate of Walter Marchetti demand judgment against defendant John and/or Jane Doe, R.N., Alias in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

**Count XXIX**
**Ordinary Negligence – John and/or Jane Doe, R.N., Alias**

288. Plaintiffs hereby incorporate Paragraphs 1 through 29, Count XXVII, and Count XXVIII as if fully set forth herein.

289. The defendants John and/or Jane Doe, R.N., Alias owed the plaintiffs a duty to exercise that degree of care, diligence, and skill required of the average health care practitioner and hospital.

290. The defendant breached that duty of care by failing to take reasonable and adequate measures to ensure the decedent's safety while using the bathroom in the defendant facility, to prevent the decedent from falling and experiencing a severe injury while under their care, and in treating the intracranial hemorrhage the decedent suffered after falling and striking his head.

291. As a direct and proximate result of defendant John and/or Jane Doe, R.N., Alias's negligence as aforesaid, the decedent suffered severe personal injuries and ultimately died on March 15, 2022.

292. The injuries suffered by the decedent as a result of the defendant John and/or Jane Doe, R.N.., Alias's negligence was not discoverable through reasonable diligence of the decedent nor the plaintiffs until he died on March 15, 2022.

293. By reason of the foregoing, the statutory beneficiaries of Walter Marchetti's estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 *et seq.*, including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

294. By reason of the foregoing, the decedent suffered severe injuries to his mind and body, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Walter Marchetti, as set forth under R.I. Gen Laws §10-7-7.

295. By reason of the foregoing, plaintiff Jason Marchetti has been and will continue to be deprived of the loss of parental society and companionship and for the emotional distress, grief, and loss of enjoyment of life as a result of the death of his father, Walter Marchetti, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

296. By reason of the foregoing, Walter Marchetti's Estate incurred funeral and administration expenses, which damages are remunerable on behalf of the Estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiffs Jason Marchetti, individually and as Executor of the Estate of Walter Marchetti demand judgment against defendant John and/or Jane Doe, R.N., Alias in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## Count XXX
## Lack of Informed Consent – John and/or Jane Doe, R.N., Alias

297. Plaintiffs hereby incorporate Paragraphs 1 through 29, Count XXVII, Count XXVIII, and Count XXIX as if fully stated herein.

298. It then and there became the duty of defendants, no emergency existing, to inform decedent and plaintiffs of the risks of harm attendant to the treatment and care they proposed to administer to and perform upon decedent so that they could give their informed consent to such treatment.  It also then and there became the duty of defendants to obtain decedent and plaintiffs' informed consent before proceeding with said treatment and care.

299. Nevertheless, defendants disregarded their duty as aforesaid and failed to inform decedent and plaintiffs of the risks of harm attendant to the treatment and care in question and proceeded to perform said treatment and care without having obtained their informed consent.

300. If defendants had informed the decedent and plaintiffs of the risks of harm attendant to the treatment and care in question, including, but not limited to, the risk that decedent might suffer those injuries from which he suffered as a direct performance of said treatment and care, they would have refused to consent to the performance of the treatment and care therein involved.

301. As a direct and proximate result of defendants' negligence as aforesaid, the decedent suffered severe personal injuries and ultimately died on March 15, 2022.

302. The injuries suffered by the decedent as a result of the defendants' negligence were not discoverable through reasonable diligence of the decedent nor the plaintiffs until he died on March 15, 2022.

303. By reason of the foregoing, the statutory beneficiaries of Walter Marchetti's estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

304. By reason of the foregoing, the decedent suffered severe injuries to his mind and body, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Walter Marchetti, as set forth under R.I. Gen Laws §10-7-7.

305. By reason of the foregoing, plaintiff Jason Marchetti has been and will continue to be deprived of the loss of parental society and companionship and for the emotional distress, grief, and loss of enjoyment of life as a result of the death of his father, Walter Marchetti, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

306. By reason of the foregoing, Walter Marchetti's Estate incurred funeral and administration expenses, which damages are remunerable on behalf of the Estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiffs Jason Marchetti, individually and as Executor of the Estate of Walter Marchetti demand judgment against defendants, John and/or Jane Doe, R.N., Alias, in an

amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## Count XXXI
## Negligence – John Doe Corporation, Alias

307. Plaintiffs hereby incorporate Paragraphs 1 through 29 as if fully stated herein.

308. On or about March 9, 2022 and thereafter, defendant, John Doe Corporation, Alias, through its employees, agents, apparent agents, servants, shareholders and/or partners, undertook for a valuable consideration to diagnose, treat, and care for Walter Marchetti.

309. It then and there became and was the duty of defendant, John Doe Corporation, Alias, through its employees, agents, apparent agents, servants, shareholders and/or partners to exercise ordinary care in the diagnosis, treatment and care of decedent.

310. Nevertheless, defendant, John Doe Corporation, Alias, disregarded its duty as aforesaid and, through its employees, agents, apparent agents, servants, shareholders and/or partners, failed to exercise said ordinary care in that the employees, agents, apparent agents, servants, shareholders and/or partners of defendant failed to properly diagnose and failed to render adequate, proper and necessary treatment to decedent and was otherwise negligent in its diagnosis, treatment, and care of him.

311. As a direct and proximate result of defendant's negligence as aforesaid, the decedent suffered severe personal injuries and ultimately died on March 15, 2022.

312. The injuries suffered by the decedent as a result of the defendant's negligence were not discoverable through reasonable diligence of the decedent nor the plaintiffs until he died on March 15, 2022.

313. By reason of the foregoing, the statutory beneficiaries of Walter Marchetti's estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

314. By reason of the foregoing, the decedent suffered severe injuries to his mind and body, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Walter Marchetti, as set forth under R.I. Gen Laws §10-7-7.

315. By reason of the foregoing, plaintiff Jason Marchetti has been and will continue to be deprived of the loss of parental society and companionship and for the emotional distress, grief, and loss of enjoyment of life as a result of the death of his father, Walter Marchetti, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

316. By reason of the foregoing, Walter Marchetti's Estate incurred funeral and administration expenses, which damages are remunerable on behalf of the Estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiffs Jason Marchetti, individually and as Executor of the Estate of Walter Marchetti demand judgment against defendant, John Doe Corporation, Alias, in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## Count XXXII
## Ordinary Negligence – John Doe Corporation, Alias

317. Plaintiffs hereby incorporate Paragraphs 1 through 29 and Count XXXI as if fully stated herein.

318. The defendants Rhode Island Hospital, Adena Osband, M.D., Jaewook Shin, M.D., Joaquin Camara, M.D., Belinda Shao, M.D., John and/or Jane Doe, M.D., Alias, and John and/or Jane Doe, R.N., Alias and the hospital nurses owed the plaintiff a duty to exercise that degree of care, diligence, and skill required of the average health care practitioner and hospital.

319. The defendant, collectively, and individually, breached that duty of care by failing to take reasonable and adequate measures to ensure the decedent's safety while using the bathroom in the defendant facility, to prevent the decedent from falling and experiencing a severe injury while under

their care, and in treating the intracranial hemorrhage the decedent suffered after falling and striking his head.

320. As a direct and proximate result of defendant Rhode Island Hospital's negligence as aforesaid, the decedent suffered severe personal injuries and ultimately died on March 15, 2022.

321. The injuries suffered by the decedent as a result of the defendant Rhode Island Hospital's negligence were not discoverable through reasonable diligence of the decedent nor the plaintiffs until he died on March 15, 2022.

322. By reason of the foregoing, the statutory beneficiaries of Walter Marchetti's estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 *et seq.*, including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

323. By reason of the foregoing, the decedent suffered severe injuries to his mind and body, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Walter Marchetti, as set forth under R.I. Gen Laws §10-7-7.

324. By reason of the foregoing, plaintiff Jason Marchetti has been and will continue to be deprived of the loss of parental society and companionship and for the emotional distress, grief, and loss of enjoyment of life as a result of the death of his father, Walter Marchetti, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

325. By reason of the foregoing, Walter Marchetti's Estate incurred funeral and administration expenses, which damages are remunerable on behalf of the Estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiffs Jason Marchetti, individually and as Executor of the Estate of Walter Marchetti demand judgment against defendant John Doe Corporation, Alias in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## Count XXXIII
## Gross Negligence – John Doe Corporation, Alias

326. Plaintiffs hereby incorporate Paragraphs 1 through 29 and Counts XXXI and Count XXXII as if fully stated herein.

327. The defendant, without regard for the health and well-being of the decedent, care for and treated the decedent in a grossly negligent manner from March 9, 2022, and thereafter, including failing to supervise the decedent in accordance with the standard of care and the defendant's own treatment plan, failing to institute appropriate fall protection, allowing the decedent to be unsupervised while using the bathroom, and treating the decedent's intracranial hemorrhage.

328. As a direct and proximate result of defendant Rhode Island Hospital's negligence as aforesaid, the decedent suffered severe personal injuries and ultimately died on March 15, 2022.

329. The injuries suffered by decedent as a result of the defendant Rhode Island Hospital's negligence were not discoverable through reasonable diligence of the decedent nor the plaintiffs until he died on March 15, 2022.

330. By reason of the foregoing, the statutory beneficiaries of Walter Marchetti's estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 *et seq.*, including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

331. By reason of the foregoing, the decedent suffered severe injuries to his mind and body, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Walter Marchetti, as set forth under R.I. Gen Laws §10-7-7.

332. By reason of the foregoing, plaintiff Jason Marchetti has been and will continue to be deprived of the loss of parental society and companionship and for the emotional distress, grief, and loss of enjoyment of life as a result of the death of his father, Walter Marchetti, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

333. By reason of the foregoing, Walter Marchetti's Estate incurred funeral and administration expenses, which damages are remunerable on behalf of the Estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiffs Jason Marchetti, individually and as Executor of the Estate of Walter Marchetti, individually demand judgment against defendant John Doe Corporation, Alias in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## Count XXXIV
## Lack of Informed Consent – John Doe Corporation, Alias

334. Plaintiffs hereby incorporates Paragraphs 1 through 29 and Counts XXXI, Count XXXII, and Count XXXIII as if fully set forth herein.

335. It then and there became the duty of defendant John Doe Corporation, Alias, no emergency existing, to inform decedent and plaintiffs of the risks of harm attendant to the treatment and care it proposed to administer to and perform upon decedent so that they could give their informed consent to such treatment.  It also then and there became the duty of defendant John Doe Corporation, Alias to obtain decedent and plaintiffs' informed consent before proceeding with said treatment and care.

336. Nevertheless, defendant John Doe Corporation, Alias disregarded its duty as aforesaid and failed to inform decedent and plaintiffs of the risks of harm attendant to the treatment and care in question and proceeded to perform said treatment and care without having obtained their informed consent.

337. If defendant John Doe Corporation, Alias had informed decedent and plaintiffs of the risks of harm attendant to the treatment and care in question, including, but not limited to, the risk that decedent might suffer those injuries from which he suffered as a direct performance of said treatment and care, they would have refused to consent to the performance of the treatment and care therein involved.

338. As a direct and proximate result of defendant John Doe Corporation, Alias's negligence as aforesaid, the decedent suffered severe personal injuries and ultimately died on March 15, 2022.

339. The injuries suffered by the decedent as a result of the defendant John Doe Corporation, Alias's negligence was not discoverable through reasonable diligence of the decedent nor the plaintiffs until he died on March 15, 2022.

340. By reason of the foregoing, the statutory beneficiaries of Walter Marchetti's estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 *et seq.*, including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

341. By reason of the foregoing, the decedent suffered severe injuries to his mind and body, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Walter Marchetti, as set forth under R.I. Gen Laws §10-7-7.

342. By reason of the foregoing, plaintiff Jason Marchetti has been and will continue to be deprived of the loss of parental society and companionship and for the emotional distress, grief, and loss of enjoyment of life as a result of the death of his father, Walter Marchetti, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

343. By reason of the foregoing, Walter Marchetti's Estate incurred funeral and administration expenses, which damages are remunerable on behalf of the Estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiffs Jason Marchetti, individually and as Executor of the Estate of Walter Marchetti demand judgment against defendant John Doe Corporation, Alias in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

**Count XXXV**
**Corporate Liability – John Doe Corporation Alias**

344. Plaintiffs hereby incorporate Paragraphs 1 through 29 and Count XXXI, Count XXXII, Count XXXIII, and Count XXXIV as if set forth fully herein.

345. It then and there became and was the duty of defendant John Doe Corporation, Alias to provide quality medical care to decedent, to protect his safety, to protect him from incompetent and/or negligent treatment to ensure that those providing care and treatment within its walls are properly credentialed, and to otherwise exercise reasonable care for his protection and well-being.

346. Nevertheless, defendant John Doe Corporation, Alias negligently disregarded its duty as aforesaid in that it failed to promulgate and enforce policies and procedures to ensure the delivery of ordinary medical care and otherwise failed to discharge its responsibilities as a hospital to Walter Marchetti.

347. As a direct and proximate result of defendant John Doe Corporation, Alias's negligence as aforesaid, the decedent suffered severe personal injuries and ultimately died on March 15, 2022.

348. The injuries suffered by the decedent as a result of the defendant John Doe Corporation, Alias's negligence was not discoverable through reasonable diligence of the decedent nor the plaintiffs until he died on March 15, 2022.

349. By reason of the foregoing, the statutory beneficiaries of Walter Marchetti's estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 *et seq.*, including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

350. By reason of the foregoing, the decedent suffered severe injuries to his mind and body, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of decedent, as set forth under R.I. Gen Laws §10-7-7.

351. By reason of the foregoing, plaintiff Jason Marchetti has been and will continue to be deprived of the loss of parental society and companionship and for the emotional distress, grief, and loss of enjoyment of life as a result of the death of his father, Walter Marchetti, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

352. By reason of the foregoing, Walter Marchetti's Estate incurred funeral and administration expenses, which damages are remunerable on behalf of the Estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiffs Jason Marchetti, individually and as Executor the Estate of Walter Marchetti demand judgment against defendant John Doe Corporation, Alias in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## Count XXXVI
## Vicarious Liability – John Doe Corporation, Alias

353. Plaintiffs hereby incorporate Paragraphs 1 through 29 and Count XXXI, Count XXXII, Count XXXIII, Count XXXIV, and Count XXXV, as if fully set forth herein.

354. Defendants Adena Osband, M.D., Jaewook Shin, M.D.., Joaquin Camara, M.D., and Belinda Shao, M.D. were employees, agents, apparent agents and/or servants of defendant John Doe Corporation, Alias and were acting within the scope of their employment at all times relevant hereto.

355. Defendant John Doe Corporation, Alias was at all relevant times vicariously responsible for the acts of its agents and servants including but not limited to, the acts of defendants Adena Osband, M.D., Jaewookd Shin, M.D, Joaquin Camara, M.D., and Belinda Shao, M.D. as set forth above.

356. As a direct and proximate result of defendant John Doe Corporation, Alias's negligence as aforesaid, the decedent suffered severe personal injuries and ultimately died on March 15, 2022.

357. The injuries suffered by the decedent as a result of the defendant John Doe Corporation, Alias's negligence was not discoverable through reasonable diligence of the decedent nor the plaintiffs until he died on March 15, 2022.

358. By reason of the foregoing, the statutory beneficiaries of Walter Marchetti's estate have suffered damages as set forth in R.I. Gen. Laws §10-7-1 *et seq.*, including pecuniary damages as provided under R.I. Gen Laws §10-7-1.1, and were otherwise damaged.

359. By reason of the foregoing, the decedent suffered severe injuries to his mind and body, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the estate of Walter Marchetti, as set forth under R.I. Gen Laws §10-7-7.

360. By reason of the foregoing, plaintiff Jason Marchetti has been and will continue to be deprived of the loss of parental society and companionship and for the emotional distress, grief, and loss of enjoyment of life as a result of the death of his father, Walter Marchetti, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

361. By reason of the foregoing, Walter Marchetti's Estate incurred funeral and administration expenses, which damages are remunerable on behalf of the Estate under R.I. Gen. Laws §10-7-5.

WHEREFORE, plaintiffs Jason Marchetti, individually and as Executor of the Estate of Walter Marchetti demand judgment against defendant John Doe Corporation, Alias in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

Plaintiffs,
By their Attorneys,


/s/Amato A. DeLuca
Amato A. DeLuca (#0531)
Christopher R. van Tienhoven (#8154)
**DeLUCA & ASSOCIATES, LTD.**
199 North Main Street
Providence, RI 02903
(401) 453-1500
(401) 453-1501 Fax
bud@delucaandassociates.com
chris@delucaandassociates.com

DATED:  September 19, 2023

**PLAINTIFFS DEMAND A TRIAL BY JURY AND
DESIGNATE AMATO A. DeLUCA AS TRIAL COUNSEL**